MERCER, Judge.
The amendment was probably unnecessary; but the court wilt take time to consider, that the practice, in such cases, may be settled. Cur. adv. vult.
LYONS, Judge
Delivered the resolution of the court as follows:
It appeared to the judges, when this case was argued, that, as the action was transitory, the day was immaterial; *and, therefore, that the alteration had no effect upon the cause; but as it was important that the practice, in such cases should be settled, they took time to consider; and, upon reflection, they are of opinion, that the amendment was allowable, as well upon the ground that the action was transitory, as upon principle.
At common law, amendments seem to have been always readily obtained, at any time before issue, either in law or fact, was joined; or while the proceedings continued in paper, as it is called in England, 1 Salk. 47; but, after the record was made up, and the pleadings were entered on the roll,- there was a reluctance to admit of any alteration, through fear of defacing the record. That rigour has, however, been gradually departed from, until it has become the settled doctrine, that amendments may, at the discretion of the court, be allowed at any time before final judgment, provided they produce no injury to the opposite party. Thus, after issue joined and notice of trial, (notwithstanding the record of the pleadings must then have been made up,) the plaintiff, professedly for the purpose of making the declaration agree with his evidence,' was allowed to amend, although it varied the defence. Fitzgibb. 193. So, after demurrer and argument upon the issue in law, either party will be permitted to amend. Sayer, 316, 317; 3'Wils. 297. The same rule holds after verdict, and a new trial awarded, 2 Stra. 787: And even when the verdict is returned, if there be any thing by which it can be done, or the justice of the case requires it, amendments will be allowed. As where the declaration, in an action upon the bond of the ancestor, omits to charge that the heir is bound, or the term in ejectment expires during the pendence of a writ of error; the omission, in the first case, will, on motion before judgment is entered, be supplied by the bond, 1 Fd. Eaym. 95, and, in the other, the term will be lengthened, Cowp. 841. So that to promote justice on one hand, and prevent injury on the other, seems to be all that is requisite: for, if these can be effected, the amendment, as before remarked, will be granted at any time before final judgment.
*JSTo precedent, from the English books, of an amendment during the trial, is recollected; but the reason is obvious. For thé judge at nisi prius has not authority to give leave to amend, and trials at bar seldom take place ; and whenever they do, the evidence is always previously settled and compared with the pleadings under the inspection of able counsel, who take care, when amendments are required, to stop the cause in time, and not suffer it to proceed to trial until they are obtained: which makes it next to impossible that it should ever be necessary there, to move to amend during the progress of the trial: But, in this country, where the same court, before whom the issue is made up, tries it, and where, the dispersed situation of coun *710 sel and other causes prevent the preparation, which takes place in that, such amendments must be allowed, in order to effect justice. Therefore, in the old general court, the practice, in detinue, was, if the declaration demanded several slaves, and upon the trial of the cause there was no evidence as to some, to permit the plaintiff to strike out those, as to whom there was no evidence, and to proceed for the residue: which was an amendment that altered the issue to a certain extent, and comes, very near, to the present case.
The defendant, however, should not be surprized; for if he requests that the jury may be discharged, and that he may be allowed to amend his plea, or file a new one, and have the cause continued, it should be granted. But if he suggests no inconvenience, nor asks to amend or change his plea or that the cause may be continued, there can be no objection to going on with the trial, as was done in this case.
Upon the whole, the court sees no fault in the proceedings; and therefore the judgment is to be affirmed.
N. B. After the judgment was pronounced, Pendleton, president, who was not present at the argument, said that the judges had mentioned the case to him at his chambers; and that he concurred with them in opinion.